**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TRUSTEES OF THE HEATING, PIPING,        *
AND REFRIGERATION PENSION             *
FUND, et al.                              *
                                     *
        v.                      *        Case No. ELH-11-cv-3612
                                   *
HORIZON MECHANICAL SERVICES, INC.  *
and URAL T. PAYTON              *
                                   *

                              ******

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Entry of Default Judgment [ECF No. 14] filed by Plaintiffs Trustees of the Heating, Piping and Refrigeration Pension Fund, Medical Fund, Training Fund, Industry Promotion Fund, Communications and Productivity Fund, Steamfitters Local 602 Retirement Savings Fund, Trustees of the International Training Fund, (collectively, "Local 602 Funds") and Steamfitters Local Union No. 602 (collectively, "Plaintiffs"). Defendants Horizon Mechanical Services, Inc. ("Horizon") and Ural T. Payton (collectively, "Defendants") have not filed an opposition, and their deadline has now passed. On May 30, 2012, Judge Hollander referred this case to me to review Plaintiffs' motion and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. [ECF No. 15]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons discussed herein, I respectfully recommend that Plaintiffs' motion [ECF No. 14] be GRANTED and that damages be awarded as set forth herein.

**I.**     **BACKGROUND**

On December 15, 2011, Plaintiffs filed a Complaint in this Court alleging that Defendants failed to make contributions required under the Employee Retirement Income

Security Act of 1974 ("ERISA").   Specifically, Plaintiffs allege that Defendant Horizon employed members of local labor unions or district councils affiliated with Steamfitters Local Union No. 602 ("the Union") and agreed to abide by a Collective Bargaining Agreement ("CBA"). Compl. ¶¶# 17-18.   The CBA specifically provides for payments to be made by employer signatories to the Local 602 Funds.   Compl. ¶ 18.    The Local 602 Funds are multiemployer "employee welfare benefit plans" or "employee pension benefit plans" as defined by ERISA.  Compl. ¶¶  1-7.

As a member of the Mechanical Contractors Association Metropolitan Washington, Inc. and an employer of Union members, Defendant Horizon agreed to abide by the terms of the CBA.  Compl. ¶¶ 17.    Plaintiffs' Complaint alleges that Defendant Horizon failed to make payment for the full contributions owed for February, April, and May, 2011, and also for July through October, 2011.  Compl. ¶ 19.   The Complaint further alleges that Defendant Horizon owes the Local 602 Funds for liquidated damages and interest for the months of November and December, 2010 and February and July, 2011.  Compl. ¶ 21.   Additionally, the Complaint alleges that Defendant Payton executed a personal guarantee on June 12, 2007, making him jointly and severally liable to Plaintiffs in an amount not to exceed $10,000.00.   Compl. ¶ 24.   The Complaint requests the contributions/remittances and liquidated damages due to each fund, and requests interest in amounts to be calculated at the time of judgment.  Compl.  p. 7-8

Plaintiffs filed their Complaint on December 15, 2011.   Defendant Horizon was served with the summons and complaint on January 10, 2012. [ECF No. 4].   After Defendant Horizon failed to file an answer or otherwise defend, Plaintiffs filed a Motion for Clerk's Entry of Default, [ECF No. 7], on March 12, 2012, which the clerk granted on March 13, 2012. [ECF No. 8].  Defendant Payton was served with the summons and complaint on March 11, 2012.  [ECF

No. 9]. After Defendant Payton failed to file an answer or otherwise defend, Plaintiffs filed a

Motion for Clerk's Entry of Default, [ECF No. 10], on April 5, 2012, which the clerk granted on

that same day. [ECF No. 11]. On May 9, 2012, Plaintiffs filed a Motion for Default Judgment

[ECF No. 14], seeking a total award of $11,414.43. In support of their motion, Plaintiffs

attached the Affidavit of Joseph R. Swann, who serves as the principal of Benefits

Administration Corporation, Inc. [ECF No. 14-4], and the Affidavit of Counsel, R. Richard

Hopp, Esq. [ECF No. 14-5]. Following this Court's request for additional information regarding

calculations [ECF No. 16], Plaintiffs submitted a supplemental filing attaching a more detailed

affidavit from Mr. Swann regarding the amounts owed. [ECF No. 17-2]. Mr. Swann's second

affidavit alleges that Defendant Horizon owes the Local 602 Funds a total of $1,495.55 in

contributions for the month of December, 2011, liquidated damages in the amount of $1,914.69,

and interest in the amount of $393.84, for a total of $3,804.08. *Id.* Mr. Swann's second affidavit

specified that Defendant Horizon paid contributions belatedly for hours worked during August

through December, 2011, and that liquidated damages and interest therefore accrued on those

sums. [ECF No. 17-2]. Mr. Swann's second affidavit further specified that the revised and

lower amount sought was computed after credit was given for all payments made by Horizon,

and after claims for liquidated damages and interest were removed for amounts paid prior to the

filing of the Complaint. [ECF No. 17 ¶ 2]. Mr. Hopp's affidavit supported a request for

attorneys' fees and costs in the amount of $2,685.00. [ECF No. 14-5].

## II.     STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiffs' Motion for Judgment by Default, the court accepts as true the

well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin.*

*Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine

whether these unchallenged factual allegations constitute a legitimate cause of action.  *Id.*; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages.  *Ryan*, 253 F.3d at 780-81.  The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  *See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).  In so doing, the court may conduct an evidentiary hearing.  Fed. R. Civ. P. 55(b)(2).  The court can also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in the record for an award.  *See, e.g., Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum); *see also Tr. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation Inc.*, 2011 WL 5151067 at *4 (D. Md. Oct. 27, 2011) (determining, in a similar case of default judgment against an employer, that "the Court may award damages without a hearing if the record supports the damages requested."); *Pentech Fin. Servs. Inc. v. Old Dominion Saw Works, Inc.*, 2009 WL 1872535 at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment where plaintiff submitted affidavits and electronic records establishing the amount of damages sought).

In sum, (1) the Court must determine whether the unchallenged facts in Plaintiffs' Complaint constitute a legitimate cause of action, and, if they do, (2) the Court must make an independent determination regarding the appropriate amount of damages and the appropriate injunctive relief.

## III.   DISCUSSION

### a.  Horizon's Liability

Plaintiffs allege that Horizon's failure to make its required contributions constitutes a breach of its contractual obligations, and therefore also constitutes a violation of Section 515 of ERISA.  This Court agrees.

Section 515 of ERISA provides in relevant part, "Every Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement." 29 U.S.C. § 1145.  As the Fourth Circuit has noted, "section 515 puts multiemployer plans in a stronger position than they otherwise occupy under common law contract principles."  *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997) (citations omitted).  Specifically, an employer is prohibited from asserting certain defenses against a multiemployer fund that the employer might be able to assert against the union itself.  *See, e.g., Cen. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989) (noting that oral agreement to modify the text of a CBA cannot be enforced against pension plans); *Agathos v. Starlight Motel*, 977 F.2d 1500, 1505 (3d Cir. 1992) (holding that defense of fraud in the execution cannot be applied to pension funds). ERISA allows the recovery of damages in an action to enforce the payment of unpaid contributions.  29 U.S.C. §1132(g)(2).

The Labor Management Relations Act, 29 U.S.C. § 185(a), provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organizations representing employees in an industry affecting commerce." Employee benefit fund trustees have standing to sue under § 185(a) as third-party beneficiaries of a CBA. *See, e.g., Chicago Plastering Inst. Pension Trust Fund v. W.A. Duguid*, 761 F.Supp. 1345, 1347 n.2 (N.D. Ill. 1991); *Hudson Cnty. Carpenters Local Union No. 6 v. V.S.R. Constr. Corp.*, 127 F.Supp.2d 565, 568 (D.N.J. 2000).

As described above, Plaintiffs' Complaint alleges that Horizon was party to a CBA that required contributions to be made to each Local 602 Fund, and further alleges that Horizon failed to make the required contributions in a timely manner. Those allegations establish Horizon's liability to Plaintiffs. *See V.S.R. Const. Corp.,* 127 F.Supp.2d at 568 ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § [1145] and a violation of LMRA § [185].") On that basis, I recommend that Plaintiffs' Motion for Judgment by Default be granted.

### b. Defendant Payton's Liability

Attachment A to Plaintiffs' Complaint is a personal guarantee signed by Ural T. Payton guaranteeing payment of Horizon's obligations to the Local 602 Funds, in an amount not to exceed ten thousand dollars. The personal guarantee makes specific reference to all of the categories of obligations addressed in this judgment, including interest, liquidated damages, and attorneys' fees and costs. *Id.* That guarantee is sufficient to establish Defendant Payton's joint and several liability for the damages owed, which as described below do not exceed ten thousand dollars.

### c.   Damages

Under  Section  502(g)(2)  of  ERISA,  an  employer  who  fails  to  make  contributions required by Section 515 is liable to the multiemployer fund for the unpaid contributions, interest on the unpaid contributions, liquidated damages of up to twenty (20) percent of the amount of the unpaid contributions, and reasonable attorneys' fees and costs.  29 U.S.C. § 1132(g)(2).

#### (1) Unpaid Contributions

According  to  Mr.  Swann's  second  affidavit,  Horizon  owes  $1,495.55  in  remaining contributions to the funds for December, 2011.  [ECF Nos. 17-2].   The amount owed appears to have been calculated correctly based on the original amount owed and the partial payment made. As a result, I recommend an award of $1,495.55 in contributions as requested.

#### (2) Interest

The spreadsheet attached to Mr. Swann's second Affidavit, [ECF No. 17-2], sets forth the calculations of interest on the unpaid and late paid amounts to the funds, for a total interest amount of $393.84.  His affidavit explains the method of calculating the interest owed based upon the rate of 10% per annum provided in the CBA.  *Id.*  The amount of $393.84 appears to have been appropriately calculated, and I recommend that it be awarded as requested.

#### (3) Liquidated Damages

While the statute allows liquidated damages of up to twenty (20) percent of the amount of the unpaid contributions, the CBA specifies that liquidated damages for each fund will be awarded at fifteen (15) percent of the amount due. Mot. for Default Exh. A, ¶¶ 14-15.  Mr. Swann's second affidavit details his calculations of liquidated damages, and he appears to have calculated correctly the liquidated damages due.   I therefore recommend an award of $1,914.69 in liquidated damages.

### (4) Attorneys' Fees and Costs

Plaintiffs claim a total of $495.00 in costs for the complaint filing fee and the fees for two process servers. Those are reasonable charges for out-of-pocket expenses incurred by attorneys in the representation of their clients, and I recommend they be awarded.

In calculating the appropriate award of attorneys' fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). A trial court may exercise its discretion in determining the lodestar amount because it possesses "'superior understanding of the litigation,'" and the matter is "'essentially'" factual. *Thompson v. HUD*, Civil No. MJG-95-309, 2002 WL 31777631 at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078-79 (4th Cir. 1986)). Once the lodestar amount has been determined, the Court determines a reasonable fee by assessing whether the hours worked were reasonable or whether the request includes hours that were unnecessary or duplicative. In evaluating both the lodestar calculations and the overall reasonable fee, this Court uses "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson*, 2002 WL 31777631, at *6 (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at *6 n.19 (*citing Johnson*, 488 F.2d at 717-19).

Plaintiffs' attorneys in this case billed an hourly rate of $200 for the principal attorney who worked on the matter, and $120 for time spent by paralegals.  The charge for paralegal time does not entirely comport with the "Guidelines Regarding Rates" set forth in Appendix B of the Local Rules of this Court.  However, these Guidelines are not definitive; they are "solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees." Loc. R. App'x B n.6.

Despite the divergence from the Guidelines, the total amount sought, $2,190.00, constitutes a reasonable fee for several reasons.  First, the total hours worked and billed appear reasonable, and the vast majority of the work was done by paralegals with appropriate attorney supervision.  Second, the rate charged for Mr. Hopp's time is lower than that permitted by the guidelines.   Third, counsel appropriately did not request additional fees relating to the preparation of the supplemental memorandum.  Finally, the total amount sought appears to be well within or below the range of fees and costs awarded in similar cases in this district.  *See, e.g.*,  *Int'l Painters and Allied Trades Indus. Pension Fund v. H.C. Ackerman & Son, Inc.*, 2012 WL 251963 (D. Md. January 24, 2012) (awarding $6,928.26 in fees and costs);  *Plumbers & Steamfitters Local 486 Pension Fund v. RLS Heating, Air Conditioning, & Refrigeration, LLC*, 2010 WL 5391450 (D. Md. Dec. 22, 2010) (recommending an award of $5,845.75 in fees and costs).  For those reasons, I recommend an award of fees and costs in the total amount of $2,685.00.

## IV.   CONCLUSION

For the reasons set forth above, I recommend that:

1.  The Court GRANT Plaintiffs' Motion for Judgment by Default [ECF No. 14]; and

2.  The Court award Plaintiffs $1,495.55 in unpaid contributions, $393.84 in interest, $1,914.69 in liquidated damages and $2,685.00 in legal fees and costs for a total of $6,489.08, owed jointly and severally by Defendants Horizon and Payton.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants Horizon and Payton.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated:  June 20, 2012                                      /s/
                                                 Stephanie A. Gallagher
                                                 United States Magistrate Judge